FILED
SUPERIOR COURT
OF GUAM

2024 OCT 29 PM 1:51

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GRAPHIC CENTER, INC., <br><br> Plaintiff, <br><br> vs. <br><br> OFFICE OF PUBLIC ACCOUNTABILITY, GUAM POWER AUTHORITY, THE TERRITORY OF GUAM, AND INFOSEND, INC., <br><br> Defendants. | CIVIL CASE NO. <u>CV0207-22</u> <br><br><br> **DECISION AND ORDER RE PLAINTIFF'S APPEAL OF OFFICE OF PUBLIC ACCOUNTABILITY'S DECISION** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on October 15th, 2024, for a Motion Hearing and Oral Argument on the Briefs. Attorney Joshua D. Walsh appeared for Graphic Center, Inc and Attorney Marianne Woloschuk appeared for Guam Power Authority. Based on the relevant law and authorities the Court now issues the following decision and order AFFIRMING IN PART AND DENYING IN PART the Office of Public Accountability's ("OPA") denial of Graphic Center's procurement protest appeal of Guam Power Authority's ("GPA") Request for Proposal GPA-RFP-21-002 ("RFP").

**DECISION AND ORDER RE PLAINTIFF'S APPEAL OF OPA DECISION**
*CV0207-22; Graphic Center, Inc. v. Office of Public Accountability, Guam Power Authority, The
Territory of Guam and Infosend, Inc.*

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Graphic Center, Inc. ("Graphic Center" or "Appellant") brought this civil action before the
Superior Court of Guam under 5 G.C.A. § 5707 and 5 G.CA. § 5480 to appeal the Office of Public
Accountability's ("OPA") March 25, 2022 denial of Graphic Center's procurement protest appeal.
The relevant facts regarding the Appeal of the OPA's decision are as follows:

1.  On May 13, 2021, Guam Power Authority ("GPA") issued Request For Proposal GPA-RFP-21-002 ("RFP"), seeking offerors to provide GPA Professional Printing, Mailing and Processing Services Relating to Utility Customer Billing.

2.  GPA received offers from three offerors: Moonlight BPO ("Moonlight"), Infosend, Inc. ("Infosend"), and Graphic Center, Inc. ("Graphic Center").

3.  On May 28, 2021, GPA issued Amendment No. 1 to the RFP, which contained approximately seventy (70) additional questions to which offerors were to respond.

4.  On August 11, 2021, GPA notified Moonlight that they were disqualified as an offeror for failing to provide an Affidavit of Disclosure of Major Shareholders, one of the required forms.

5.  On August 11, 2021, GPA selected Infosend for Award of the RFP and requested that Infosend send a sealed price proposal by August 18, 2021.

6.  On August 18, 2021, GPA notified Graphic Center that Infosend was selected for the intended award.

7.  Graphic Center immediately requested access to the procurement record on August 19, 2021, and received the record on August 25.

8.  Graphic Center submitted its agency-level protest on August 30, 2021, which GPA denied on October 7, 2021.

2

9. Graphic Center made a second request for access to the procurement record on October 14, 2021, and subsequently appealed GPA's decision to the OPA on October 22, 2021.

10. The OPA conducted an evidentiary hearing on February 4, 2022, during which it was established that GPA used Section 5 of the RFP to make a final evaluation of the offerors rather than Section 2.3. During the hearing, the record also showed that Infosend failed to respond to the Amendment to the RFP as was required.

11. The OPA denied Graphic Center's appeal on March 25, 2022, determining that the OPA did not have subject matter jurisdiction to consider Infosend's non-responsiveness because Graphic Center had not brought that issue on its appeal before GPA.

12. Graphic Center brought the present appeal of the OPA's decision which it filed on April 5, 2022.

## II. LAW AND DISCUSSION

Under 5 G.C.A. § 5704(a), "[a]ny determination of an issue or a finding of fact by the Public Auditor shall be final and conclusive unless arbitrary, capricious, fraudulent, clearly erroneous, or contrary to law." 5 G.C.A. § 5707 specifically gives "[a]ny person receiving an adverse decision" the right to appeal that decision "by the Public Auditor to the Superior Court of Guam..." and 5 G.C.A. § 5480(b) gives the Superior Court particular jurisdiction "over an action between Guam and a person who is subject to a suspension or debarment proceeding, to determine whether the debarment or suspension is in accordance with the statutes and regulations." According to the Guam Supreme Court, the Superior Court has full authority to resolve "any outstanding and disputed factual questions," but generally should not relitigate the issues.

*Teleguam Holdings II*, 2018 Guam 5 ¶ 32. Legal questions should be considered *de novo*, but with "great weight" given to the decision of the Public Auditor. *Id.*

Upon using this standard of review, the Court makes the following determinations.

### A. The Court affirms OPA's finding that Graphic Center could not argue the issue of Infosend's non-responsiveness because OPA's finding was not contrary to law.

Under Guam Procurement law, a dissatisfied offeror may make a written protest to the agency at issue within fourteen (14) days of becoming aware of the facts related to said protest. 5 G.C.A. § 5425(a). Only after making such a written protest may the offeror proceed to make an appeal to the OPA on that issue. 5 G.C.A. § 5703. In this case, the OPA correctly asserted that because Graphic Center had not brought up the issue of missing documentation on Infosend's part in a formal written protest to GPA, OPA could not hear the appeal on this issue. Graphic Center's original protest to GPA did not identify any missing documentation, and instead focused its protest mainly on the fact that Infosend is based on California and not on Guam. Even if Graphic Center was not aware of the information missing from Infosend's application at the time of its original protest, it should have filed an additional written protest with GPA within 14 days of becoming aware, rather than including the issue only in its appeal to OPA. Because the OPA's determination on this legal issue was not contrary to law, this decision is affirmed.

### B. The Court affirms OPA's finding that the evaluation criteria used by GPA did not deviate from the announced criteria, because OPA's finding was not arbitrary, capricious, or clearly erroneous.

Under 5 GCA § 5216(e), the purchasing agency should make the award "to the offeror determined...to be best qualified based on the evaluation factors set forth in the Request for

Proposals...If proposals were submitted by one or more other offerors determined to be qualified, negotiations may be conducted with such other offeror or offerors, in the order of their respective qualification ranking, and the contract may be awarded to the offeror then ranked as best qualified..."

This particular Request for Proposals included Section 2.3, containing Standards for Determination of Most Qualified Offeror, and Section 5.0, containing the RFP Evaluation Criteria.

Graphic Center claims that GPA was required to use Section 2.3 of the RFP in its evaluation, and by failing to do so misapplied the stated evaluation criteria. Plaintiff's Br. at 5 (Aug. 28, 2024). GPA has responded to this allegation by arguing that "no reasonable bidder" would confuse Section 2.3 and Section 5.0, and "being deemed the most qualified offeror does not spell the end of the process because bidders know that they need their RFP to pass muster under the minimum criteria for evaluating RFPs for services." Defendant's Brief at 9 (September 27, 2024).

While this Court can see and understand why Graphic Center may have been confused about which evaluation criteria from the RFP was being used to evaluate the offers, Graphic Center had access to both sets of criteria and knew or should have known that it was possible they would be evaluated under both or either of these sets of criteria. Therefore, this Court finds that OPA's decision to uphold GPA's evaluation of the offerors was not arbitrary, capricious, or clearly erroneous, and this decision is affirmed.

**C. The Court denies OPA's conclusion that there was not an issue of an incomplete procurement record because this conclusion was arbitrary, capricious, or clearly erroneous and remands this issue back to OPA.**

Although OPA was correct in most of their findings, this Court remains concerned about the issue of the procurement record in this case. Guam law mandates that "each procurement officer shall maintain a complete record of each procurement." 5 G.C.A. § 5249. In 2018, the Guam Supreme Court determined that when an appealing party can establish that there are items missing from the procurement record that were material to the procurement, the Court has the authority to cancel the award. *Telegram Holdings LLC v. Territory of Guam*, 2018 Guam 5 ¶ 39-41. The Guam Supreme Court specified that missing procurement records are considered "material" when their absence thwarts judicial review in "determining whether the appealing party is entitled to the relief requested." *Id.* at ¶ 39.

Through Graphic Center's Freedom of Information Act (FOIA) request, it is clear that Infosend did not include all of the required information in their initial response to the RFP. Graphic Center has argued that there is evidence from a GPA employee that Infosend was granted an exemption by GPA which prevented its disqualification. GPA denied this claim in a hearing before this Court on October 15, 2024, stating that Infosend addressed all required elements and there was no exception made. Regardless of which set of facts is true, it remains that the procurement record contains no explanation as to why Infosend's offer was allowed to continue while missing key documents, but Moonlight's offer was rejected for that reason.

As Graphic Center argues in its Opening Brief, "the Procurement Record contains no support or reasoning for holding one offeror to a stricter standard and another to a less strict compliance standard and then rewarding the latter with an award as the best qualified." Plaintiff's Br. at 7. Although GPA has argued orally that no exemption was made for Infosend and that Infosend's initial response contained all required documentation, the procurement record does not clearly support these statements.

However, it remains to be seen whether Graphic Center sufficiently showed to OPA that missing elements of the procurement record were "material" or thwarted judicial review, mainly because OPA failed to substantially engage in this question. Because OPA did not fully engage with the procurement record issues in its decision, rather than cancel the award from GPA to Infosend, the Court remands this matter to the OPA for further agency investigation and record development to determine the materiality of the information missing from the procurement record. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.").

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **AFFIRMS IN PART AND DENIES IN PART** the Office of Public Accountability's denial of Graphic Center's procurement protest appeal of Guam Power Authority's Request for Proposal GPA-RFP-21-002, and remands the issue of the procurement record back to OPA for further agency investigation and record development.

**SO ORDERED** _10/29_____ , 2024.

_____
**HON. JOHN C. TERLAJE**
**Judge, Superior Court of Guam**

7